In re FASTRANS, INCORPORATED,
Debtor.

William T. HENDON, Trustee, Plaintiff,

v.

ASSOCIATES COMMERCIAL
CORPORATION,
Defendant.

Bankruptcy No. 91–33100.
Adv. No. 92–3023.

United States Bankruptcy Court,
E.D. Tennessee.

June 3, 1992.

Melnick & Moore, Neal S. Melnick, Brenda G. Brooks, Knoxville, Tenn., for plaintiff.

Ayres & Parkey, James A. Matlock, Knoxville, Tenn., for defendant.

## MEMORANDUM ON DEFENDANT'S MOTION TO DISMISS

RICHARD S. STAIR, Jr., Bankruptcy Judge.

The plaintiff, William T. Hendon, Trustee, commenced this adversary proceeding under the authority of 11 U.S.C.A. §§ 544(b), 547, 548 and 550 (West 1979 & Supp.1992) on January 31, 1992. The trustee filed a First Amended Complaint on February 3, 1992, and, with leave of court, a Second Amended Complaint on April 20, 1992. By his Complaint, as amended (hereafter, Complaint), the trustee seeks to avoid and recover prepetition transfers totalling $30,752.78 made by the debtor to the defendant, Associates Commercial Corporation (Associates). Count IV of the Complaint, grounded upon Code § 547(b), avers that transfers to Associates totalling $25,518.75 were made more than ninety days but within one year preceding the filing of the debtor's bankruptcy petition and that these transfers preferentially benefited an insider guarantor, Stephen W. Yuhas. Associates, contending that Count IV of the Complaint fails to state a claim upon which relief can be granted, filed a "Motion To Dismiss" on March 17, 1992, based on Fed.R.Civ.P. 12(b)(6), incorporated into Fed.R.Bankr.P. 7012.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(F) and (H) (West Supp.1992).

I

Bankruptcy Code § 547(b) provides:

Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between 90 days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C.A. § 547(b) (West 1979 and Supp. 1992).

If a transfer is determined to be avoidable under § 547(b), § 550(a) identifies the entities from whom the trustee may recover the avoided transfer. This section provides in material part:

[T]o the extent that a transfer is avoided under section ... 547 ... of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or

(2) any immediate or mediate transferee of such initial transferee.

11 U.S.C.A. § 550(a) (West 1979 & Supp. 1992).

Count IV of the Complaint is premised on the decision of the United States Court of Appeals for the Sixth Circuit, *Ray v. City Bank and Trust Company (In re C–L Cartage Co., Inc.)*, 899 F.2d 1490 (6th Cir.1990). In *Cartage*, the Sixth Circuit,

following *Levit v. Ingersoll Rand Fin. Corp.*, 874 F.2d 1186 (7th Cir.1989), held that transfers preferentially benefitting insider guarantors are avoidable when such transfers take place within the § 547(b)(4)(B) one year reach-back period, and are recoverable from the non-insider transferee. The court reasoned:

A creditor or guarantor of the bankrupt is a creditor within the meaning of section 547(b) because he holds a claim or contingent claim against the debtor under sections 101(9) and 101(4)(A).[1] A bankrupt debtor's payments to a lender "benefit" the insider creditor within the meaning of section 547(b)(1) by discharging his existing or potential liability to the lender.

899 F.2d at 1494.

In the instant proceeding, the insider guarantor, Stephen W. Yuhas, executed a "Continuing Guaranty" (Guaranty) in favor of Associates on August 31, 1990. By this Guaranty, Mr. Yuhas guaranteed payment of all present and future liabilities of the debtor to Associates. The Guaranty contains the following waiver:

Each guarantor also hereby waives any claim, right or remedy which such guarantor may now have or hereafter acquire against the [debtor] ... that arises hereunder and/or from the performance by any guarantor hereunder including, without limitation, any claim, remedy or right of subrogation, reimbursement, exoneration, contribution, indemnification, or participation in any claim, right or remedy of Associates against the [debtor] ... or any security which Associates now has or hereafter acquires, whether or not such claim, right or remedy arises in equity, under contract, by statute, under common law or otherwise.

## II

■ It is undisputed that the unambiguous meaning of the waiver is to prohibit

---

**1.** Bankruptcy Code § 101(10), formerly § 101(9), defines the term "creditor," in material part, as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C.A. § 101(10) (West Supp.1992). Bankruptcy Code § 101(5), formerly § 101(4), de-

fines the term "claim," in material part, as the "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C.A. § 101(5) (West Supp. 1992).

the guarantor, Stephen W. Yuhas, from asserting any claim against the debtor if called upon by Associates to honor the Guaranty. Associates contends that, as a result of the waiver, Yuhas does not hold a "claim" against the debtor; that Yuhas is, therefore, not a "creditor" of the debtor under Code § 101(10); [2] and that the transfers the trustee seeks to avoid under Count IV of his Complaint cannot have been "to or for the benefit of a creditor." Accordingly, Associates argues that the trustee is unable to meet his burden of proof under § 547(b)(1) and (5).

In response to Associates' dismissal motion, the trustee makes a number of arguments, including the following: (1) the waiver contained in the Guaranty was without consideration and is invalid; (2) public policy considerations dictate that a waiver of a guarantor's subrogation rights against a debtor be declared void; and (3) the trustee can still maintain his action under Count IV because Stephen W. Yuhas is a creditor of the debtor in a capacity other than under the Guaranty.[3]

Associates relies upon the authority of the Seventh Circuit in *Levit v. Ingersoll Rand Fin. Corp., supra.* In *Levit,* the trustee, *inter alia,* sought to recover alleged preferential transfers made by the debtor to the Internal Revenue Service for delinquent wage withholding taxes. The trustee asserted that the transfers benefited insider creditors. The insiders were clearly creditors of the debtor as a result of having guaranteed or signed as co-makers on numerous debts owed by the debtor. 874 F.2d at 1187.

The Court of Appeals, observing that the Internal Revenue Service had not received a note or guarantee from any insider, held

that the trustee could not recover from the Internal Revenue Service because § 6672(a) of the Internal Revenue Code does not provide the insider with a right of recovery over against the debtor.[4] Thus, the court concluded that insiders who may be liable on account of the debtor's failure to pay withheld taxes are not "creditors" of the debtor because they do not hold "claims" against the debtor. 874 F.2d at 1191–92. In its analysis, the Seventh Circuit stated:

> Because an "insider" may be liable under § 6672(a) when the firm does not pay over taxes, every dollar of tax paid reduces the insider's exposure. Thus the insider receives a benefit from payment. Section 547(b)(1) speaks, however, of payments for the benefit of creditors, not benefits at large. A person is a "creditor" only to the extent he holds a "claim" against the debtor. So all turns on whether a "person required to collect, truthfully account for, and pay over any tax"—in the shorthand of tax law, a "responsible person"—has a contingent right to recover from the debtor in bankruptcy, the only basis for calling him a "creditor."

874 F.2d at 1191.

*Levit* holds that in those cases where an insider is liable to a third party upon the debtor's failure to pay, the insider has a "claim" against the debtor and is thus a "creditor" under the Bankruptcy Code for purposes of § 547(b)(1), under the following circumstances: (1) where state or federal law provides the insider a right to recover from the debtor; (2) where the insider, as the result of a contractual commitment to satisfy the debtor's obligation, has a claim over against the debtor. 874 F.2d at 1191–94, 1200.

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.
> 26 U.S.C.A. § 6672(a) (West Supp.1992).

---

2. *See supra* n. 1.

3. The trustee's Second Amended Complaint filed April 20, 1992, contains an averment that Stephen W. Yuhas is a creditor of the debtor "as evidenced by the claim [l]isted on the Bankruptcy schedules filed in the ... [debtor's] Bankruptcy estate in the amount of $72,000.00 on Schedule A–3 for unpaid rent."

4. Internal Revenue Code § 6672(a) provides in material part:

■ Indeed, in *Levit,* although the insiders were creditors of the debtor as to obligations they guaranteed, they were not creditors as to obligations owed the Internal Revenue Service because the Internal Revenue Code afforded them no right of recovery over against the debtor. In other words, it is not enough that an insider be a creditor of the debtor in a general sense; the insider must have a "claim" against the debtor attributable to the specific debt he or she guaranteed in order to render transfers made by the debtor on account of that debt to the non-insider transferee avoidable under § 547(b). Absent such a claim, the insider is not a "creditor" and such transfers cannot have been made "for the benefit of a creditor." Nothing in *In re C–L Cartage Co., Inc.* leads the court to believe that the Sixth Circuit would reach any conclusion contrary to that reached by the Seventh Circuit in *Levit.* This court agrees with and accordingly adopts the Seventh Circuit analysis in *Levit* on this issue.

If the trustee in the instant proceeding is to satisfy his burden of proof under § 547(b)(1), he must establish that the insider-guarantor, Mr. Yuhas, has a "claim" against the debtor arising from his obligations under the Guaranty and is not just as a creditor of the debtor generally. Unless the Guaranty produces a right on the part of Mr. Yuhas to recover from the debtor, he has no "claim" in bankruptcy. 874 F.2d at 1190 n. 4.

■ The trustee cannot meet his burden of proof in the instant proceeding under § 547(b)(1). Mr. Yuhas expressly waived any claim against the debtor in the event he was required to meet his obligation under the Guaranty. The trustee's argument that he can maintain his action under Count IV because Mr. Yuhas is a creditor of the debtor generally is, for reasons discussed above, without merit.

### III

■ Associates contends that the trustee has no standing to contest the terms of the Guaranty, a contract between Associates and Stephen W. Yuhas. The court agrees.

■ It is well settled that the filing of a petition in bankruptcy creates an estate comprising "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C.A. § 541 (West 1979 & Supp.1992). This property of the estate includes choses in action. *Maine Nat'l. Bank v. Morse (In re Morse),* 30 B.R. 52, 54 (1st Cir. BAP 1983); *In re E.F. Hutton Southwest Properties II, Ltd.,* 103 B.R. 808, 811 (Bankr.N.D.Tex. 1989). Whether a chose in action belongs to the estate depends on applicable state or federal law. *Id.*

■ In Tennessee, a presumption exists that a contract is executed solely for the benefit of the parties to that contract. Further, if a party is attempting to maintain an action to enforce a contract as a third party beneficiary, the party must establish its status as an intended beneficiary under the contract, rather than an incidental beneficiary. The law in Tennessee is summarized as follows:

Tennessee law recognizes two kinds of third-party beneficiaries, intended and incidental. Only if a party is an intended beneficiary may it maintain an action to enforce the contract. Further, there is a presumption that a contract is executed solely for the benefit of the parties to it. Thus, to establish that they are intended beneficiaries to the contract ... [the appellants] must establish (1) the existence of a valid contract between the principal parties and (2) that the clear intent of the contract is to benefit them. Intent to benefit may be shown if "there is either an expression in the contract that the contracting parties intended to benefit the third party (the 'intent to benefit' test) or proof that the promisor's performance will otherwise discharge a duty owed to a third party beneficiary by the promisee (the 'duty owed' test)...."

*Davidson & Jones Dev. Co. v. Elmore Dev. Co., Inc.,* 921 F.2d 1343, 1356 (6th Cir.1991) (footnote and citations omitted).

In the instant case, the trustee stands in the shoes of the debtor, who was not a party to the Guaranty. By its terms, the Guaranty benefits Associates by providing for payment collaterally to Associates in

the event the debtor does not pay its obligations. The Guaranty does not relieve Associates of any duty owed the debtor. The trustee, vis-a-vis the debtor, is not an intended third party beneficiary of the Guaranty and has no standing to enforce, challenge, or otherwise interfere with that contract. Because the trustee lacks standing to contest the provisions of the Guaranty, the court need not address his contentions regarding the validity of the waiver provision of the Guaranty.

Finally, even though he lacks standing to contest the validity of the Guaranty, the court will nonetheless comment on the trustee's policy arguments. The trustee contends that allowing the Guaranty to stand, thereby limiting the preference recovery period to 90 days, will disturb the policy of equality of distribution of the bankruptcy estate by encouraging a "race of diligence" of creditors to dismember the debtor. Policy arguments have also been made (some successful) before other courts against extending the preference period to one year when the debt is guaranteed by an insider creditor. *See, e.g., Levit,* 874 F.2d at 1198 (lenders will force bankruptcies at the slightest hint of trouble in order to prevent erosion of their positions); *Rubin Bros. Footwear, Inc. v. Chemical Bank (In re Rubin Bros. Footwear, Inc.),* 119 B.R. 416, 425 (S.D.N.Y.1990) ("[t]he *Levit* rule would likely impede the availability of credit to ailing businesses."). In the presence of several competing policy considerations, this court will apply the letter of the statute to the facts before it. In the instant case, because the Guaranty effectively eliminates Yuhas' status as a creditor of the debtor as to the Associates' debt, the transfers in dispute under Count IV of the Complaint are not avoidable under § 547(b).

## IV

For the reasons set forth herein, Associates' "Motion To Dismiss" will be granted. An appropriate order dismissing Count IV of the Complaint will be entered.