In re NORTHEASTERN CONTRACTING CO., Debtor.

John J. O'NEIL, Jr., Trustee, Plaintiff,

v.

ORIX CREDIT ALLIANCE, INC., Salvatore J. Marino, Sr., Salvatore J. Marino, Jr., Defendants.

Bankruptcy No. 93–21878.
Adv. No. 95–2154.

United States Bankruptcy Court,
D. Connecticut.

Sept. 28, 1995.

R. Richard Croce, Purtill, Purtill & Pfeffer, Glen Lochen, Glastonbury, CT, for Trustee–Plaintiff.

G. Eric Brunstad, Jr. and Peter C.L. Roth, Hebb & Gitlin, P.C., Hartford, CT, for Orix Credit Alliance, Inc., Defendant.

Robert G. Wetmore, Robert G. Wetmore, P.C., Wallingford, CT, for Salvatore J. Marino, Sr. and Salvatore J. Marino, Jr., Defendants.

## RULING ON MOTION OF DEFENDANT, ORIX CREDIT ALLIANCE, INC., TO DISMISS COMPLAINT

ROBERT L. KRECHEVSKY, Chief Judge.

### I.

### ISSUE

John J. O'Neil, Jr., Trustee of the Chapter 7 Estate of Northeastern Contracting Co. (the "Debtor"), brought a complaint pursuant to 11 U.S.C. §§ 547(b) [1] and 550(a)(1) [2] to set aside as preferential two payments which the Debtor made to the defendant, Orix Credit Alliance, Inc. ("Orix") on a debt guaranteed by the defendants, Salvatore J. Marino, Sr. ("Marino, Sr.") and Salvatore J. Marino, Jr. ("Marino, Jr."), insiders of the Debtor. The payments having been made more than 90 days but less than one year before the bankruptcy petition date, the Trustee relies upon the *Deprizio* trilateral preference doctrine to recover against Orix. Orix's motion to dismiss the complaint as to Orix raises the issues of the enforceability of a guarantor's waiver of subrogation and, if enforceable, whether the Orix guaranties contain adequate waiver language.

**1.** Section 547(b) provides:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—
  (1) to or for the benefit of a creditor;
  (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
  (3) made while the debtor was insolvent;
  (4) made—
  (A) on or within 90 days before the date of the filing of the petition; or
  (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
  (5) that enables such creditor to receive more than such creditor would receive if—

  (A) the case were a case under chapter 7 of this title;
  (B) the transfer had not been made; and
  (C) such creditor received payment of such debt to the extent provided by the provisions of this title....

11 U.S.C. § 547(b).

**2.** Section 550(a)(1) provides in pertinent part:

(a) [T]o the extent that a transfer is avoided under section ... 547, ... the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—
  (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; ....

11 U.S.C. § 550(a)(1).

## II.

### BACKGROUND

Creditors filed an involuntary Chapter 7 petition against the Debtor on May 11, 1993. The Trustee, on June 2, 1995, filed a complaint alleging that two payments of $6,000 each, made to Orix on August 25, 1992 and September 17, 1992 (the "Transfers"), were preferential in that: (i) the Transfers were transfers of the Debtor's property; (ii) the Transfers were made for or on account of an antecedent debt owed by the Debtor to Orix; (iii) Marino, Sr. and Marino, Jr., insiders of the Debtor, had each guaranteed the Orix debt and the Transfers were for their benefit; (iv) the Transfers were made between 90 days and one year before the filing of the involuntary petition and at a time when the Debtor was insolvent; and (v) the Transfers enabled Orix and the Marinos to receive more than they would have received in a liquidation proceeding, had the Transfers not been made.

The amended motion to dismiss the complaint filed by Orix included copies of the two guaranties of the Orix debt executed by Marino, Sr. and Marino, Jr. The Marino, Jr. guaranty, dated November 14, 1988, provided:

> We shall have no right of subrogation, reimbursement or indemnity whatsoever and no right of recourse to or with respect to any assets or property of Subject [the Debtor] or to any collateral for Security Obligations [the guaranteed indebtedness], unless and until all Security Obligations shall have been paid and performed in full.

The Marino, Sr. guaranty, dated August 9, 1991, provided:

> We shall have no right of subrogation, reimbursement or indemnity whatsoever and no right of recourse to or with respect to any assets or property of the Subject [the Debtor] or to any collateral for Security Obligations [the guaranteed indebtedness], unless and until all Security Obligations shall have been paid and performed in full *and if the undersigned shall be deemed an "insider", (as the term is used in Bankruptcy Code) then all rights*

*of subrogation are waived.* (emphasis added).

## III.

### DISCUSSION

#### A.

■ Generally, a guarantor is a "creditor" in a debtor's bankruptcy estate by virtue of the guarantor's contingent right to payment from the debtor which will come to full fruition when the guarantor makes payment to the creditor under the guaranty giving the guarantor a claim recognized by the Bankruptcy Code. *See* §§ 101(5)(A) and 101(10). The Seventh Circuit in *Levit v. Ingersoll Rand Financial Corp.*, 874 F.2d 1186 (7th Cir.1989) (commonly referred to as the *Deprizio* case) held that a debtor's payment on an antecedent debt to a non-insider creditor which benefits insider-guarantors by relieving them of their contingent liability to the non-insider creditor, is subject to the year-long preference period of § 547(b)(4)(B). This court recently ruled that *Deprizio* would be applied in the Debtor's case, notwithstanding that no controlling ruling exists in the Second Circuit, or that a provision of the Bankruptcy Reform Act of 1994 purports to legislatively overrule the *Deprizio* line of cases. *See O'Neil v. John Deere Industrial Equipment Co., Inc. (In re Northeastern Contracting Co.)*, 182 B.R. 673 (Bankr. D.Conn.1995).

■ Orix first argues that when the guaranty of the insider waives all subrogation rights, which rights underpin the filing of a claim by the insider against the Debtor's estate, the insider guarantor is not a creditor, and the one-year preference period of § 547(b)(4)(B) never becomes relevant. The decisional authority is limited, but two courts have addressed this argument and both courts enforced anti–*Deprizio* waiver provisions. *See Hostmann v. First Interstate Bank of Oregon, N.A. (In re XTI Xonix Technologies Inc.)*, 156 B.R. 821 (Bankr. D.Or.1993) (anti–*Deprizio* waiver provisions in guaranty where guarantor clearly waives rights of indemnity, contribution and exoneration are not against public policy and insider-guarantor, therefore, not a creditor of

debtor's estate); *Hendon v. Associates Commercial Corp. (In re Fastrans, Inc.),* 142 B.R. 241 (Bankr.E.D.Tenn.1992) (transfers were not avoidable on ground they preferentially benefit guarantor since guarantor expressly waived any claim against debtor in event he was required to meet his obligations under guaranty, so as to render guarantor a noncreditor of the debtor). *See also In re Sufolla, Inc.,* 2 F.3d 977, 983, 986 (9th Cir. 1993) (noting possibility of lenders compelling guarantors to waive claims against debtors, thereby making guarantors not "creditors" of the debtor, and protecting lenders against liability as transferee of preference for benefit of guarantors, but leaving question of whether waiver of guarantors' rights against debtor suffices to circumvent *Deprizio* rule for another panel and another day). The Trustee makes no argument why parties may not draft around a *Deprizio* result, and in line with the cited authority, this court concludes they may do so.

■ The serious problem that Orix faces is whether the scope of the language utilized in the Marino, Jr. guaranty is sufficient to preclude Marino, Jr. from having a claim against the Debtor. Orix, somewhat surprisingly, argues as if the Marino, Sr. and Marino, Jr. waivers contain essentially similar language. They plainly do not. The language in the Marino, Sr. guaranty expressly states: "all rights of subrogation are waived," and, as such, fits within the comparable language construed in *Hostmann* and *Hendon.* Accordingly, Marino, Sr., having expressly waived his rights of subrogation, cannot be treated as a creditor of the Debtor's estate, and the *Deprizio* doctrine does not apply to his guaranty.

■ Not so with regard to the Marino, Jr. guaranty. The language in that guaranty contains no statement of waiver. As pointed out in *Covey v. Northwest Community Bank (In re Helen Gallagher Enterprises, Inc.),* 126 B.R. 997 (Bankr.C.D.Ill.1991), language such as used in the Marino, Jr. guaranty does not waive the right of subrogation, but merely delays it until the non-insiders' obli-

gations are paid, from whatever source, in full. Marino, Jr. thereby remains a creditor of the estate. The *Gallagher* court noted: "Merely because [the guarantors'] right of subrogation was 'postponed', does not deprive them of their status as creditors." *Id.* at 1000.

Moreover, the language in the Marino, Jr. guaranty simply tracks the language of § 509(c).[3] Section 509(c) provides that a co-debtor or guarantor's claim of subrogation, reimbursement or contribution is subordinated to the creditor's claim until the creditor's claim is paid in full. *See* 3 COLLIER ON BANKRUPTCY, ¶ 509.01 at 509–2–509–3, (Lawrence P. King, ed., 15th ed. 1995). This is what the language in the Marino, Jr. guaranty accomplishes. *See Steege v. Affiliated Bank/North Shore National (In re Alper–Richman Furs, Ltd.),* 147 B.R. 140, 155 n. 15 (Bankr.N.D.Ill.1992) (rejecting outside creditor's argument that guarantor's claim was too contingent to be allowed because it was subordinated to the creditor's claim pursuant to § 509(c) until the creditor's claim was paid in full).

### B.

■ Orix offers as a final argument that to demonstrate a benefit to Marino, Jr. under § 547(b)(5), the Trustee must show that Orix would be paid in full before the estate is fully liquidated and distributed. *See* Orix Amended Memorandum of Law at 7–8. Orix contends that the guarantor's claims will never emerge from subordination because the Debtor's estate is not solvent, Orix will never be paid in full by the Debtor's estate, and, therefore, there will be no cognizable benefit to the guarantor. Orix cites *In re Erin Food Services, Inc.,* 980 F.2d 792 (1st Cir.1992) to support its contention. In *Erin Food,* the court held that when the creditor held a nonrecourse secured guaranty from an insider, and the property securing the guaranty was worth significantly less than the amount of the debt at the time of the transfer, the insider received no benefit from partial payments made by the debtor because the insid-

---

**3.** Section 509(c) provides:

The court shall subordinate to the claim of a creditor and for the benefit of such creditor an allowed claim, by way of subrogation under this section, or for reimbursement or contribu-

tion of an entity that is liable with the debtor on, or that has secured, such creditor's claim, until such creditor's claim is paid in full, either through payments under this title or otherwise.

11 U.S.C. § 509(c).

er remained fully exposed even after the payments. The present case is straightforward and lacks the complications present in *Erin Food.* The exceptions in *Erin Food* concerning a partial guaranty are not present here.[4] The court is satisfied that Marino, Jr., as the insider-guarantor, benefited because the payments to Orix reduced Marino, Jr.'s exposure dollar for dollar. *See Steege, supra* at 155.

### IV.

### CONCLUSION

The court concludes that (i) the Marino, Sr. guaranty includes an effective and complete waiver of subrogation rights so that Marino, Sr. is not a creditor of the estate; (ii) the Marino, Jr. guaranty does not contain an effective and complete waiver of subrogation rights and Marino, Jr. remains a creditor of the estate; and (iii) the Transfers conferred a cognizable benefit upon Marino, Jr.

Orix's motion to dismiss this proceeding must be, and hereby is, denied. It is

SO ORDERED.

---

4. The court in *Erin Food* stated:
   Since the non-insider creditor in a trilateral preference receives direct payment on its antecedent debt, the insider guarantor will realize a corresponding dollar-for-dollar reduction in the amount of his contingent liability on the guarantee, except in cases like the present where the insider has guaranteed less than the full amount of the primary debt ... (internal citations omitted).
   *Erin Food,* 980 F.2d at 801.