**In re J.T.L. SUPERMARKET CORP.
d/b/a Albany Star Market,
Debtor.**

**Richard H. WEISKOPF,
Trustee, Plaintiff,**

v.

**NEW YORK JOB DEVELOPMENT AUTHORITY, Key Bank of Eastern New York, N.A., Joseph Lemme, Sr., Joseph Lemme, Jr., and Pamela Lemme, Defendants.**

Bankruptcy No. 89–11709.
Adv. No. 91–91180.

United States Bankruptcy Court,
N.D. New York.

June 26, 1992.

Richard H. Weiskopf, DeLorenzo, Gordon, Pasquariello, Weiskopf & Harding, Schenectady, N.Y., for trustee.

Robert G. Qulia, Hiscock & Barclay, Albany, N.Y., for Key Bank.

Nathan M. Goldberg, Goldberg & Gottheim, Albany, N.Y., for Joseph Lemme, Sr., Joseph Lemme, Jr., Pamela Lemme.

Peter A. Prandi, Gen. Counsel, N.Y. Job Dev. Auth., New York City.

## MEMORANDUM–DECISION AND ORDER GRANTING KEY BANK'S MOTION FOR SUMMARY JUDGMENT

JUSTIN J. MAHONEY, Chief Judge.

This adversary proceeding was commenced by the chapter 7 trustee against defendants New York Job Development Authority, Joseph Lemme, Sr., Joseph Lemme, Jr. and Pamela Lemme (collectively "Lemmes") and Key Bank of Eastern New York, N.A. ("Key Bank"). The thrust of the first and second counts of the amended complaint asserted against New York Job Development Authority ("N.Y.J.D.A.") and the Lemmes' is an alleged preference and or fraudulent conveyance occurring within 90 days of the filing of the petition. As to both of these counts, the ad damnum clause seeks recovery of the sums transferred from both the N.Y.J.D.A. as well as the Lemmes.

The third count of the amended complaint alleges a preferential payment in the amount of $23,638.87. This payment was made to Key Bank outside of the 90 day period preceding the filing of the petition but within the year prior to filing. The Lemmes were the sole officers and shareholders of the debtor corporation and were personally obligated on the loan. The ad damnum clause with respect to the third cause of action simply seeks judgment "declaring that said payment as preferential" and seeks recovery only as against Key Bank.

Key Bank has moved for summary judgment dismissing the third count of the complaint essentially on three grounds. The first ground is on the trustee's failure to

respond to a notice to produce served by the bank upon the trustee. The notice sought to encompass all documents which would establish the existence of any liability of an insider of the debtor on any debt owed to Key Bank. The trustee did not produce any such documents. The second ground for summary judgment is a failure to state a cause of action against Key Bank due to a failure of the pleadings; namely, the amended complaint fails to allege whether the transfer was: (a) to or for the benefit of a creditor pursuant to § 547(b)(1); (b) that such creditor at the time of such transfer was an insider pursuant to § 547(b)(4)(B); and (c) that the transfer enabled the creditor to receive more than it would in chapter 7.

The court previously granted the trustee permission to file an amended complaint after issue was joined. The court tends to agree, notwithstanding the incorporation of all prior paragraphs that count three does not sufficiently plead a cause of action under § 547(b). Furthermore, the court would deny at this stage any further attempts to amend for the reasons advanced by the bank. However, the court in granting summary judgment in favor of Key Bank relies primarily upon Key Bank's third ground for dismissal.

The basis for the trustee's attempted recovery against Key Bank is grounded upon the legal theory articulated in *Levit v. Ingersoll Rand Financial Corp., Inc.*, 874 F.2d 1186 (7th Cir.1989), that an initial transferee who is not an insider of the debtor, and who may be innocent of any wrongdoing or bad faith may be subject to the one year period of preference recovery because of the fact that a transfer conferred a benefit upon an insider of the debtor who was liable on the debt.

The doctrine permitting such a recovery was first adopted by the seventh circuit in *Levit v. Ingersoll Rand Financial Corp.*, 874 F.2d 1186 (1989), "Deprizio." *Deprizio* has since been adopted by the tenth circuit, (*In re Robinson Bros. Drilling, Inc.*, 892 F.2d 850 (1989)) and by the sixth circuit (*In re C–L Cartage Co.*, 899 F.2d 1490 (1990)).

While the second circuit has not yet addressed the issue, Judge Kram in the case of *In re Rubin Bros. Footwear, Inc.*, (S.D.N.Y.1990) 119 B.R. 416, 425 has rejected the Deprizio doctrine. Most recently, my colleague Judge Berk has extended the Deprizio theory to apply to an involuntary transfer involving a sheriff's levy on behalf of a judgment creditor. See *In re Pine Springs Farm & Casino, Inc.*, 139 B.R. 90 (Bkrtcy.N.D.N.Y.1992). While Judge Berk is to be commended on the thorough and exhaustive research reflected in his opinion, I respectfully decline to adopt his reasoning under the facts before me. I find that § 547(b)(4)(B) and § 550 do not subject Key Bank—a non-insider arms-length creditor to the one year preferential transfer recovery, notwithstanding the fact that Key Bank received a transfer from the debtor prior to the 90 days but within one year of the filing with regard to a debt guaranteed by the Lemmes'.

To hold otherwise would have a chilling effect on the financial support given by lenders with respect to corporate loans guaranteed by insiders. Consequently, the bank will be less likely to make such loans to small businesses, new businesses, and businesses of the entrepreneurial type. Further, such loans, if made, may well be conditioned by bank's supervision and intrusion into the internal business affairs of the borrower. Clearly, the unreliable and undependable nature of the insider guarantee would have a harmful effect on business and also tend to discourage business transactions involving federal and state loans that require such guarantees.

Next, it is obvious that the trustee in his third cause of action seeking recovery only against Key Bank and not the Lemmes is seeking approval of the deep-pocket theory which Deprizio if followed would sanction.

For the foregoing reasons, I find that the trustee has failed to properly plead a cause of action under § 547(b) against Key Bank, and further find that the trustee's third cause of action against Key Bank fails to

state a claim upon which recovery from Key Bank may be granted as a matter of law, and it is so ORDERED.