United States Court of Appeals,

Fifth Circuit.

No. 92-1535.

In the Matter of SOUTHMARK CORP., Debtor.

SOUTHMARK CORP., Appellant,

v.

SOUTHMARK PERSONAL STORAGE, INC., and First Nationwide Bank, Appellees.

June 16, 1993.

Appeal from the United States District Court for the Northern District of Texas.

Before JOLLY and DAVIS, Circuit Judges, and LEE,[1] District Judge.

W. EUGENE DAVIS, Circuit Judge:

Chapter 11 debtor Southmark Corporation ("Southmark") appeals the dismissal of its preference action against First Nationwide Bank ("FNB") and Southmark Personal Storage, Inc. ("SPS"). Southmark seeks to recover money it paid to FNB on a guaranty of a loan FNB made to Southmark's subsidiary SPS. Southmark made its payment to FNB within the year before Southmark's bankruptcy. The bankruptcy court granted FNB's Rule 12(b)(6) motion to dismiss the suit, and the district court affirmed. We affirm the district court's order.

I.

In 1986, SPS, Southmark's wholly-owned subsidiary, borrowed over $2 million from FNB. SPS pledged a number of promissory notes as collateral to secure the FNB loan. The loan agreement required SPS to repurchase any collateral note that was over sixty days in default by transferring cash into an account at FNB. The cash was to be used to prepay the principal of the FNB loan. In addition, Southmark executed a guaranty of all of SPS's debt to FNB. The guaranty did not require FNB first to seek recovery from SPS before collecting from Southmark.

By late 1988, some of the collateral notes were in default. To satisfy its obligation under the guaranty, Southmark transferred $221,708 to the account at FNB in payment for the defaulted

[1]District Judge of the Southern District of Mississippi, sitting by designation.

collateral notes.  Seven months later, Southmark filed for bankruptcy.

Southmark then filed this action against FNB and SPS to recover the $221,708 payment as preferential under 11 U.S.C. §§ 547(b) and 550(a)(1).  Southmark's complaint alleges that the one-year insider preference period of § 547(b)(4) applies to the transfer, because the payment benefitted SPS, an insider and creditor of Southmark.[2]  The bankruptcy court dismissed Southmark's complaint for failing to allege the required elements of a preference under § 547(b)(1) and (2).  The court found that although SPS is an insider who benefitted from the transfer, SPS did not benefit as a creditor under the guaranty.  The district court affirmed the dismissal, and Southmark now appeals to this court.

## II.

The sole issue in this appeal is whether Southmark may maintain a preference action against FNB and SPS for the payment made outside the ordinary ninety-day preference period.  Bankruptcy Code § 547(b) permits a debtor to avoid pre-bankruptcy transfers that benefit a creditor "on account of an antecedent debt," as long as the transfer enables the creditor to receive more than it would have received in a chapter 7 liquidation.[3]  Section 547(b)(4)(B) provides for a one-year reachback period,

---

[2]The parties do not dispute that SPS is an "insider" of the debtor as defined by § 101(31) of the Bankruptcy Code.

[3]Section 547(b) provides:

>   b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—
>
>   (1) to or for the benefit of a creditor;
>
>   (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
>
>   (3) made while the debtor was insolvent;
>
>   (4) made—
>
>   (a) on or within 90 days before the date of the filing of the petition;  or
>
>   (b) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider;  and
>
>   (5) that enables such creditor to receive more than such creditor would

instead of ninety days, "if such creditor at the time of such transfer was an insider."

The extended insider preference period both prevents insiders from exploiting their position and facilitates an "orderly and equal distribution of a debtor's assets in bankruptcy...." *T.B. Westex Foods, Inc. v. FDIC (Matter of T.B. Westex Foods, Inc.),* 950 F.2d 1187, 1195 (5th Cir.1992). If a transfer is preferential, Bankruptcy Code § 550 enables a trustee to recover the payment from either the initial transferee or the creditor for whose benefit the transfer was made. *Id.* at 1194-95.

Southmark paid FNB on the guaranty 217 days before bankruptcy, within the insider preference period. But FNB is not an insider. To avoid the transfer to FNB outside the ninety-day non-insider period, Southmark must demonstrate that the payment satisfies each element of § 547(b) with respect to the insider, SPS. *Westex,* 950 F.2d at 1190.

The bankruptcy court held that Southmark's complaint fails to satisfy § 547(b)(1) and (2) with respect to SPS. First, the court found that SPS is not a "creditor" for purposes of subsection (b)(1), because SPS's claim against Southmark is not related to Southmark's guaranty obligation to FNB. Instead, SPS's claim against the debtor derives from unrelated intercompany transfers. Second, Southmark's payment did not benefit SPS "for or on account of an antecedent debt" ((b)(2)), because Southmark was not indebted to SPS on the guaranty underlying the transfer to FNB. *Southmark Corp. v. Southmark Personal Storage, Inc. (In re Southmark Corp.),* 138 B.R. 831, 835 (Bankr.N.D.Tex.1992).

We must decide whether the bankruptcy and district courts correctly interpreted § 547(b) to require a nexus between the insider's claim and the debt underlying the transfer. This circuit has not addressed the issue.

We turn first to the language of § 547. We must apply that language according to its plain

---

receive if—

    (a) the case were a case under chapter 7 of this title.

    (b) the transfer had not been made; and

    (c) such creditor received payment of such debt to the extent provided by the provisions of this title.

meaning. *United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 240-41, 109 S.Ct. 1026, 1029-30, 103 L.Ed.2d 290 (1989).

Read as a whole, the plain language of § 547(b) persuades us that the Code permits recovery only if the transfer is related to the preferred creditor's claim. The statute authorizes the trustee to avoid a transfer "to or for the benefit of a creditor" (§ (b)(1)), "for or on account of an antecedent debt" (§ (b)(2)),

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 ...;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

§ 547(b)(5). The phrase "such debt" in § (b)(5)(C) refers to the "antecedent debt" of § (b)(2). In other words, the antecedent debt for which the transfer is made (Southmark's guaranty obligation) must be the same debt subject to "such" creditor's (SPS's) claim. The transfer must do more than incidentally benefit inside creditor SPS; the transfer must benefit SPS in relation to the antecedent debt that triggered the transfer.

Southmark argues that our decision in *Westex* compels a different result. In *Westex,* a bank, Alaska, obtained a money judgment against Bond, Westex's shareholder/officer. Chapter 11 debtor Westex, in turn, owed money to Bond. To enforce its judgment against Bond, Alaska brought a garnishment action against Westex and obtained a default judgment. Alaska enforced its judgment against Westex by garnishing Westex's accounts with two other banks.

Over ninety days later, Westex filed for reorganization and sought to recover the garnished funds as insider preferences. This court allowed recovery. We noted that, under Texas law, a garnishor stands in the shoes of the garnishment debtor:

Westex's payment represents only one obligation: Westex's debt to Bond. Instead of paying Bond, Westex has simply paid a garnishor standing in Bond's shoes. The process of garnishment merely requires that Westex discharge its debt to Bond by paying Bond's creditor.

*Westex,* 950 F.2d at 1194. Alaska had a claim against Westex solely because of Alaska's right to

enforce Bond's claim under garnishment law. The only "antecedent debt" was Westex's debt to Bond. Thus, the transfer was preferential to Bond and subject to the one-year reachback period.

Unlike Westex, Southmark cannot claim the benefit of Texas garnishment law to define its relationship with FNB and SPS. FNB does not stand in SPS's shoes by operation of law. Nor was Southmark's "antecedent debt" to FNB actually owed to the insider, SPS.

Moreover, in *Westex,* we did not directly address the relationship between the insider's claim and the preferential transfer. The parties never disputed that Bond was a "creditor" under § 547(b)(1) or that Westex's debt to Bond was an "antecedent debt" under (b)(2). See *id.* at 1190.

We agree with the only other circuit court which has had an occasion to consider this issue. In *Levit v. Ingersoll Rand Fin. Corp. (In re Deprizio),* 874 F.2d 1186 (7th Cir.1989), the Seventh Circuit held that for the extended preference period to apply, the insider must be a creditor in connection with the antecedent debt underlying the transfer.[4] See also *In re Fastrans, Inc.,* 142 B.R. 241, 245 (Bankr.E.D.Tenn.1992) (following *Deprizio* and concluding that "it is not enough that an insider be a creditor of the debtor in a general sense; the insider must have a "claim" against the debtor attributable to the specific debt he or she guaranteed in order to [avoid] transfers made by the debtor on account of that debt to the non-insider transferee").

The trustee in *Deprizio* sought to recover payments the debtor made within a year of bankruptcy on three types of debts. The Deprizio court first considered the debtor's payments on loans guaranteed by the debtor's insider. Second, the debtor made payments on notes executed in favor of several pension funds after the debtor fell behind in its payments to the funds. The insider had co-signed some of those notes. Third, the court considered the debtor's payments of past due withholding taxes to the IRS.

The Seventh Circuit held that the trustee could avoid two types of payments: payments on the loans guaranteed by the insider and payments to the pension funds that had accepted notes

---

[4]Two other circuits have adopted *Deprizio* 's general reasoning, but have not discussed the nexus requirement. *Ray v. City Bank & Trust Co. (In re C-L Cartage Co.),* 899 F.2d 1490 (6th Cir.1990); *Manufacturers Hanover Leasing Corp. v. Lowrey (In re Robinson Bros. Drilling, Inc.),* 892 F.2d 850 (10th Cir.1989).

co-signed by the insider. The court reasoned that payments to the lenders were "for the benefit" of the insider (§ 547(b)(1)), because those payments reduced the insider's exposure on the guaranty. *Deprizio,* 874 F.2d at 1190. The same was true of the debtor's payments to the pension funds on the co-signed notes. Those payments directly reduced the insider's liability on the notes. The court concluded that the insider was a "creditor" on both of those debts, because the insider as guarantor and co-signer had a potential claim for indemnity or contribution against the debtor to the extent of the insider's liability. *Id.* at 1190, 1192-93.

The trustee urged the court to reach the same result with respect to the debtor's payment of past due withholding taxes. The trustee argued that the insider was responsible for paying the taxes under 26 U.S.C. § 6672(a) and that the debtor's payment reduced the insider's potential liability. The court acknowledged that the insider benefitted from the debtor's payments to the IRS, because the insider was potentially liable as a "responsible person" under § 6672(a) for the debtor's unpaid taxes. Nonetheless, the court held that the trustee could not avoid these payments because they did not benefit the insider as a "creditor":

> Section 547(b)(1) speaks ... of payments for the benefit of creditors, not benefits at large. A person is a "creditor" only to the extent he holds a "claim" against the debtor. So all turns on whether [the insider] has a contingent right to recover from the debtor in bankruptcy, the only basis for calling him a "creditor." Section 6672(a) does not authorize a responsible person to recover from the firm ... Because the responsible person owes his own debt to the government, ... he does not hold a "claim" against the debtor and so is not a creditor.

*Deprizio,* 874 F.2d at 1191 (citations omitted). Thus, the insider was not a "creditor" within the meaning of § 547(b)(1) because the insider had no claim against the debtor "in connection with the tax debts."[5] Payments to the IRS were not insider preferences, because, "although to the benefit of the responsible person, [they were] not to his benefit *as creditor.*" *Id.* at 1192.

The payments Southmark seeks to avoid in this case are analogous to the *Deprizio* debtor's

---

[5]Donald W. Baker, **Repayment of Loans Guaranteed by Insiders as Avoidable Preferences in Bankruptcy:** Deprizio **and its Aftermath,** 23 U.C.C.L.J. 115, 121 (1990). Presumably, the *Deprizio* insider did hold unrelated contingent claims against the estate; the insider "undoubtedly was a creditor in some respect (if in no other, than by virtue of contingent claims under the guarantees that were the primary focus of the case)." David I. Katzen, Deprizio **and Bankruptcy Code Section 550: Extended Preference Exposure Via Insider Guarantees, and Other Perils of Initial Transferee Liability,** 45 Bus.Law. 511, 519 n. 33 (1990).

payments to the IRS. Southmark's payment to FNB benefitted SPS. However, like the "responsible persons" in *Deprizio,* SPS has no contingent claim against Southmark in connection with the debt to FNB. Thus, the transfer to FNB does not benefit SPS "as creditor" under § 547(b)(1).

III.

Southmark's guaranty of SPS's debt to FNB is the source of the antecedent debt that triggered the alleged preferential transfer. Southmark acknowledges that SPS is not indebted to Southmark in connection with the guaranty. Southmark argues that SPS is nevertheless a creditor because Southmark is indebted to SPS on a completely unrelated intercompany debt. According to Southmark this qualified as an "antecedent debt." We disagree and hold that Southmark may not rely on its unrelated debt to SPS to avoid the transfer to FNB as an insider preference.

We conclude that Southmark's payment on the guaranty does not meet the requirements of § 547(b)(1) and AFFIRM the dismissal of Southmark's complaint.