**In re NORTHEASTERN CONTRACTING COMPANY, INC., Debtor.**

**John J. O'NEIL, Jr., Trustee, Plaintiff,**

v.

**JOHN DEERE INDUSTRIAL EQUIPMENT COMPANY, INC., Salvatore J. Marino, Sr., and Salvatore J. Marino, Jr., Defendants.**

Bankruptcy No. 2–93–01878.

Adv. No. 2–94–2277.

United States Bankruptcy Court, D. Connecticut.

May 31, 1995.

R. Richard Croce, Purtill, Purtill & Pfeffer, Glen Lochen, Glastonbury, CT, for trustee-plaintiff.

Thomas A. Virgulto, Mongillo & Insler, New Haven, CT, for defendant John Deere Indus. Equipment Co., Inc.

*RULING ON CROSS–MOTIONS FOR SUMMARY JUDGMENT*

ROBERT L. KRECHEVSKY, Chief Judge.

I.

John J. O'Neil, Jr., Esq., trustee of the Chapter 7 case of Northeastern Contracting Co., Inc., the debtor, timely filed a complaint which, as amended, seeks to recover from John Deere Industrial Equipment Company, Inc. (Deere), Salvatore J. Marino, Sr. and Salvatore J. Marino, Jr. (together "the Marinos"), a monetary transfer as preferentially made under § 547(b)[1] and recoverable under

1. Section 547(b) states:

§ 550(a)(1).[2] The debtor paid Deere $20,000 on June 30, 1992 on account of a debt guaranteed by the Marinos, insiders of the debtor. The court had entered an order for relief on June 4, 1993, following an involuntary petition filed against the debtor on May 11, 1993.

These facts being undisputed, and there apparently being agreement that all conditions of § 547(b) are otherwise satisfied, Deere and the Trustee filed cross-motions for summary judgment. The sole issue defined in the motions is whether this court should follow the *Deprizio* doctrine since the Court of Appeals for the Second Circuit has not yet addressed the matter.

## II.

The Seventh Circuit in *Levit v. Ingersoll Rand Financial Corp.*, 874 F.2d 1186 (7th Cir.1989) (commonly referred to as the *Deprizio* case) held that a debtor's payment on an antecedent debt to a non-insider creditor, which benefits insider-guarantors by relieving them of their contingent liability to the non-insider creditor, is subject to the year-long preference period of § 547(b)(4)(B). Under § 550(a)(1), both the initial transferee (the non-insider creditor) and the insider guarantors are liable for the amount transferred, subject to the limitation of § 550(d) that the trustee may obtain only a single satisfaction.

Since *Deprizio*, five other courts of appeals have addressed the same issue and all have followed the Seventh Circuit. *See In re Wesley Industries, Inc.*, 30 F.3d 1438 (11th Cir. 1994); *In re Sufolla, Inc.*, 2 F.3d 977 (9th Cir.1993); *In re Southmark Corp.*, 993 F.2d 117 (5th Cir.1993); *In re C–L Cartage Co., Inc.*, 899 F.2d 1490 (6th Cir.1990); *In re Robinson Brothers Drilling, Inc.*, 892 F.2d 850 (10th Cir.1989). Six circuits now agree, and none disagree, that, as most recently phrased, "insider-guarantors are creditors of the debtor because they hold contingent claims against the debtor that become fixed when they pay the outsider-creditors whose claims they guarantee. Thus, ... trustees may recover transfers that a debtor makes to a non-insider creditor between 90 days and one year prior to the filing for bankruptcy where such transfers benefit an insider-guarantor." *Wesley Industries*, 30 F.3d at 1441 (footnote omitted).

This court is unpersuaded by Deere's arguments in its brief, all of which were effectively dealt with in the cited cases, to reject the *Deprizio* holding. I am convinced that the language of the Code provisions, in effect at the time of the transfer in this proceeding,[3] admits no other conclusion than that reached by *Deprizio*, and that the court of appeals of this circuit would so hold.

## III.

The trustee and Deere being in accord that the matter presented is ripe for summary judgment, the court grants the trustee's motion for summary judgment and denies Deere's like motion. A judgment shall enter

---

(b) [T]he trustee may avoid any transfer of an interest of the debtor in property—
(1) to or for the benefit of a creditor;
(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
(3) made while the debtor was insolvent;
(4) made—
(A) on or within 90 days before the date of the filing of the petition; or
(B) between 90 days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
(5) that enables such creditor to receive more than such creditor would receive if—
(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and
(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

2. Section 550(a)(1) provides, in pertinent part:
[T]o the extent that a transfer is avoided under section ... 547 ..., the trustee may recover ... the property transferred, or ... the value of such property, from—
(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made....

3. The Bankruptcy Reform Act of 1994 purports to legislatively overrule the *Deprizio* line of cases in an amendment to § 550 to bar recovery from the non-insider.

that the trustee shall recover from Deere the sum of $20,000.   It is

SO ORDERED.