In re WINGSPREAD CORPORATION, et al., Debtors.

Harold YOUNG, as Chapter 7 Trustee of Wingspread Corporation, and its subsidiaries, Debtors, Plaintiff–Appellee,

v.

PARAMOUNT COMMUNICATIONS INC., f/k/a Gulf+Western Industries, Inc., Kayser–Roth Corporation, Norman M. Hinerfeld, and NCNB National Bank as successor to NCNB Financial Services, Inc., Defendants–Appellants.

Nos. 87 B 10618–87 B 10630 (TLB) and 95 Civ. 2614 (PKL).

United States District Court, S.D. New York.

Sept. 6, 1995.

Order Denying Rehearing Sept. 28, 1995.

As Amended Oct. 2, 1995.

Friedman & Kaplan L.L.P. (Bruce S. Kaplan and Andrew W. Goldwater, of counsel), New York City, for appellants Paramount Communications Inc. and Kayser–Roth Corp.

Wachtell, Lipton, Rosen & Katz (Steven M. Barna and Eric M. Roth, of counsel), New York City, for appellant NationsBank, N.A. (Carolinas).

Hahn & Hessen (John P. McCahey and John P. Amato, of counsel), New York City, for appellee Harold Young.

## OPINION AND ORDER

LEISURE, District Judge:

This is an appeal from an order issued on February 8, 1995, by the United States Bankruptcy Court for the Southern District of New York (Gallet, J.), ruling, in substance, that Plaintiff–Appellee's claims were not barred by the statute of limitations contained in 11 U.S.C. § 546(a) (1988).[1] Plaintiff–Ap-

---

1. The Bankruptcy Court also denied Defendants'     motion for summary judgment on the ground

pellee is Harold Young, the trustee in bankruptcy of Wingspread Corporation and its subsidiaries ("Debtors"). Defendants–Appellants are Paramount Communications Inc. (now Viacom International Inc. as successor by merger), Kayser–Roth Corp., and NationsBank, N.A. (Carolinas) as successor to NCNB Financial Services, Inc. The decision of the Bankruptcy Court is affirmed.

## BACKGROUND

On April 6, 1987, Debtors filed a voluntary petition for bankruptcy pursuant to Chapter 11 of the Bankruptcy Code. The Debtors continued in business as debtors-in-possession ("DIPs"). By order dated October 3, 1988, the Bankruptcy Court converted the case to a Chapter 7 liquidation matter and on October 4, 1988, appointed Harold Young (the "Trustee") interim chapter 7 trustee.[2]

On September 27, 1990, the Trustee filed an adversary proceeding in the Bankruptcy Court to avoid and recover certain prepetition transfers to Defendants–Appellants.

After filing their answer, Defendants–Appellants moved for summary judgment on the ground that the applicable statute of limitations, 11 U.S.C. § 546(a)(1) (1988), had run on this action. Plaintiff–Appellee cross-moved for summary judgment dismissing the statute of limitations defense. The Bankruptcy Court denied Defendants–Appellants' motion and granted Plaintiff–Appellee's motion on the issue of the statute of limitations in an order entered on February 8, 1995.

Judge John E. Sprizzo, sitting in his capacity as Part I Judge of this Court, and pursuant to 28 U.S.C. § 158(a), granted Defendants–Appellants' motion for leave to appeal by order dated February 28, 1995 and filed March 6, 1995.[3]

## DISCUSSION

■ This Court has jurisdiction to hear this appeal from the interlocutory order of the Honorable Jeffry H. Gallet, United States Bankruptcy Judge, Southern District of New York, dated February 8, 1995, pursuant to 28 U.S.C. § 158 and the order of the Honorable John E. Sprizzo, United States District Judge, Southern District of New York, granting leave to appeal. The legal conclusions of a bankruptcy court are subject to *de novo* review by the reviewing court. *See In re Maxwell Newspapers, Inc.*, 981 F.2d 85, 89 (2d Cir.1992); *In re Fugazy Express*, 124 B.R. 426, 430 (S.D.N.Y.1991) (Duffy, J.) ("a grant of summary judgment by a bankruptcy court is subject to *de novo* review in a district court"), *appeal dismissed* 982 F.2d 769 (2d Cir.1992). The relevant facts are undisputed.

Section 546 of the bankruptcy code provides, in pertinent part, that

(a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, or 1302 of this title; or

(2) the time the case is closed or dismissed.

11 U.S.C. § 546 (1988).[4] Appellee argues that the plain meaning of this section pro-

---

that the Trustee lacked standing to maintain this adversary proceeding under 11 U.S.C. § 544(b) (1988). No appeal has been taken from that portion of the order.

2. Although "it is the appointment of the permanent trustee which triggers the section 546 statute of limitations," *Gazes v. Kesikrodis (In re Ted A. Petras Furs, Inc.)*, 172 B.R. 170, 176 (Bankr. E.D.N.Y.1994), that date is not revealed in the record. Regardless of whether the date of appointment of the interim trustee or of the permanent trustee is used, the Trustee filed the adversary action less than two years from the Trustee's appointment. The omission therefore does not affect the determination in this case.

3. Because "the facts and legal arguments [were] adequately presented in the briefs and record and the decisional process would not [have been] significantly aided by oral argument," oral argument was not allowed by this Court. Fed. R.Bankr.P. 8012.

4. Section 546 was amended by the Bankruptcy Reform Act of 1994, Pub.L. No. 103–394, § 216, 108 Stat. 4106, 4126–27, and now provides:
(a) an action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—
(1) the later of—
(A) 2 years after the entry of the order for relief; or
(B) 1 year after the appointment or election of the first trustee under section 702, 1104,

vides for a limitations period for avoidance actions running from the appointment of a trustee—in this case during October of 1988. Appellants argue that in this Circuit, despite the literal language of § 546(a), the two-year statute of limitations period begins to run on the filing of the bankruptcy petition—in this case during April of 1987.

Central to the issue is the meaning of the Second Circuit's opinion in *U.S. Brass & Copper Co. v. Caplan (In re Century Brass Prods., Inc.)*, 22 F.3d 37 (2d Cir.1994). *Century Brass* presented the question of whether a DIP was subject to a statute of limitations in bringing avoidance actions. "[Section] 546(a)(1) dates the running of the limitations period from 'the appointment of a trustee,'" *id.* at 39, and so does not on its face apply to a DIP. However, the Second Circuit read "§ 1107(a)'s authorization for a DIP to act '[s]ubject to any limitations on a trustee' to mean that the statute of limitations applicable to a trustee also applies to a DIP." *Id.*[5] The Court stated: "Reading § 1107(a) as giving a DIP powers paralleling those of a trustee, we conclude that for the DIP, the limitations period begins when the debtor files its petition and becomes a DIP under § 1101." *Id.* at 40.

Appellants interpret this ruling as "reject[ing] the ... 'plain language' argument" that the two-year limitation of § 546 commences upon appointment of a trustee. Appellants' Joint Reply Brief on Appeal at 4. Instead, Appellants argue that *Century Brass* held, contrary to the language of § 546, that in all cases the statute of limitations under § 546 begins to run on the date the petition is filed. The Court disagrees with Appellants' reading of *Century Brass*. *Century Brass* is better read as primarily interpreting § 1107(a), and only through it § 546(a)(1). Contrary to Appellants' argument, therefore, *Century Brass* does not re-

ject a literal interpretation of § 546, it merely rejects a literal interpretation of § 546 when incorporated in § 1107. Because § 1107 "[s]ubject[s DIPs] to any limitations on a trustee serving in [a chapter 11 case]," 11 U.S.C. § 1107(a) (1988), where there is a DIP, § 1107 imposes a statute of limitations, parallel to that of § 546, of two years commencing on the filing of the petition. *Century Brass* does not foreclose a literal interpretation of § 546 where it is directly applicable; it only requires a non-literal interpretation where § 546 is applicable through the lens of § 1107. Thus, the *Century Brass* ruling that, as applied to DIPs, the statute of limitations begins to run upon filing of the petition does not prevent this Court from giving effect to the plain meaning of § 546 where a trustee is in fact appointed.

Having properly interpreted *Century Brass*, the way is clear to construe § 546. In this task, the Court is "guided by the fundamental canon that statutory interpretation begins with the language of the statute itself." *Pennsylvania Dep't of Pub. Welfare v. Davenport*, 495 U.S. 552, 557–58, 110 S.Ct. 2126, 2130, 109 L.Ed.2d 588 (1990) (*citing Landreth Timber Co. v. Landreth*, 471 U.S. 681, 685, 105 S.Ct. 2297, 2301, 85 L.Ed.2d 692 (1985)). "When the words of a statute are unambiguous," *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 254, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992), and "the statutory scheme is coherent and consistent," there is no need to inquire further. *United States v. Ron Pair Enters.*, 489 U.S. 235, 240–41, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). Like the Bankruptcy Court, this Court is persuaded that the plain language of the statute should govern the outcome in this case and sees no reason to depart from Congress's clear language.

1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or .

(2) the time the case is closed or dismissed. The amendment applies only to those actions or proceedings where the petition was filed after October 22, 1994.

5. Section 1107(a) provides:

Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties except the duties specified in sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter.

"[T]he most logical interpretation of section 546(a) is that the statute of limitations begins running from the date the first trustee is appointed and that all subsequent trustees are subject to the same statute of limitations." *In re San Joaquin Roast Beef,* 7 F.3d 1413, 1415 (9th Cir. 1993). The Code clearly states that a trustee appointed under section 702 of the Code has until two years after that appointment to commence an action under Sections 544, 545, 547, 548, or 553. *Young v. Paramount Communications Inc. (In re Wingspread Corp.),* 178 B.R. 938, 943 (Bankr.S.D.N.Y.1995) (Gallet, J.).

Appellants argue that to provide two statutes of limitations thwarts the policies underlying limitations in general—providing repose and certainty to defendants, and preventing stale claims. Appellants state: "Under ... [the Bankruptcy Court's] rule, the limitations period would begin anew whenever a trustee was appointed, even if that happened five or ten years after the filing of a petition by a DIP." Appellants' Joint Brief on Appeal at 24–25. The Court notes that the interesting question of whether a claim is revived where a trustee is appointed more than 2 years after the filing of the petition is not presented in this case. As in *Century Brass,* therefore, the Court "need not decide whether such an appointment might revive a claim that the DIP itself would have been barred from bringing." *Century Brass,* 22 F.3d at 41. This case involves an extension, not revival of a claim, and so does not run counter to "the normal policy of a statute of limitations[,] [which] is to close the door—finally, not qualifiedly or conditionally." *Anderson v. Yungkau,* 329 U.S. 482, 486, 67 S.Ct. 428, 431, 91 L.Ed. 436 (1947). Similarly mindful of finality is the amendment to § 546, *see supra* note 4, which forecloses revival of claims, but permits extension for one year if the first trustee is appointed or elected within two years of the filing.

In this case, where a trustee was appointed, the Court need not apply the "parallel" limitations scheme applicable to DIPs. *See Century Brass,* 22 F.3d at 40. Instead, the language of § 546(a) applies as written and the two-year statute of limitations com-

mences with the appointment of the Trustee. *See* 11 U.S.C. § 546(A) (1988). Therefore, the Trustee's action was timely, and the Bankruptcy Court's rulings on the parties' summary judgment motions regarding the statute of limitations were proper.

## CERTIFICATION FOR INTERLOCUTORY APPEAL

■ Pursuant to 28 U.S.C. § 1292(b), a district court may certify an order for interlocutory review if it finds that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see Connecticut Nat'l Bank v. Germain,* 503 U.S. 249, 253, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992) (section 1292(b) applies to interlocutory orders of district court sitting as a court of appeals in bankruptcy).

The issue of when the two year statute of limitations commences is the question of law presented in this Opinion and Order. "[I]t is clear that a question of law is 'controlling' if reversal of the district court's order would terminate the action." *Klinghoffer v. S.N.C. Achille Lauro,* 921 F.2d 21, 24 (2d Cir.1990). Here, if the Court's Opinion and Order were to be reversed, the action by the Trustee would be untimely, and the action would terminate. Therefore, the Court finds that this Opinion and Order involves a controlling question of law.

In addition, the Court finds that there is "substantial ground for difference of opinion" because the Ninth Circuit has recently decided, on facts similar to those at bar, that the statute of limitations commenced on the filing of the petition. *See Mosier v. Kroger Co. (In re IRFM, Inc.),* 65 F.3d 778 (9th Cir.1995).

Finally, immediate appellate review may materially advance the ultimate termination of this litigation. The continued litigation of this case will likely be quite expensive, and if this Opinion and Order were to be reversed, the entire lawsuit would terminate.

Accordingly, the Court certifies this Opinion and Order for interlocutory appeal pursuant to § 1292(b).

**SO ORDERED.**

### CONCLUSION

For the reasons stated above, the decision of the Bankruptcy Court is HEREBY AFFIRMED.

**SO ORDERED.**

### ORDER ON REHEARING

Sept. 28, 1995

LEISURE, District Judge:

On September 6, 1995, the Court issued an Opinion and Order affirming the decision of the Bankruptcy Court (Gallet, J.), ruling, in substance that Plaintiff–Appellee's claims were not time-barred. Defendants-appellants petition for rehearing pursuant to Rule 8015 of the Federal Rules of Bankruptcy Procedure.

█ Because no standards for the motion are set forth in Bankruptcy Rule 8015, the Court turns to Rule 40(a) of the Federal Rules of Appellate Procedure, *see Olson v. United States,* 162 B.R. 831, 834 (D.Neb. 1993), which provides, in part, that "[t]he petition must state with particularity the points of law or fact which in the opinion of the petitioner the court has overlooked or misapprehended." Appellees base their argument on a Ninth Circuit case, which was decided shortly after issuance of this Court's Opinion and Order and which came to a contrary conclusion. The Court concludes that the existence of contrary authority in other circuits, established after the Court's decision, does not constitute a point of law or fact overlooked or misapprehended by the Court. Accordingly, defendants-appellants' motion for rehearing is HEREBY DENIED.

**SO ORDERED.**