**In re FRANK SANTORA EQUIPMENT CORP., Debtor.**

**No. CV 96–5910, CV 96–5911, CV 96–5917, CV 96–5918.**

United States District Court, E.D. New York.

Oct. 26, 1998.

Finkel Goldstein Berzow & Rosenbloom by Kevin J. Nash, Of Counsel, New York, for Frank Santora Equipment Corp. and Santora Crane Service, Inc.

Zeichner, Ellman & Krause by Peter Janovsky, Of Counsel, New York, for Allan B. Mendelsohn, Chapter 7 Trustee.

Saretsky, Katz & Dranoff, P.C. by Barry G. Saretsky, Of Counsel, Gary Franklin, New York, for Sequa Financial Corporation.

Redmond, Pollio & Pittoni, P.C. by M. John Pittoni, Of Counsel, Garden City, NY, for NatWest Bank USA, Tilden Commercial Alliance and Tilden of New Jersey.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

At issue in this bankruptcy appeal is the motion by NatWest Bank USA, Tilden Commercial Alliance and Tilden of New Jersey (collectively the "Tilden defendants" or the "movants") who are defendants in the adversary proceeding before the bankruptcy court, seeking: (1) an "Order permitting them to be included in the pending appeal"; and (2) a stay of all proceedings before the Bankruptcy Court pending a determination by this Court on the appeal in chief.

## I. BACKGROUND

The Court will not discuss in detail the background of this case, which is set forth in the Court's Memorandum of Decision and Order dated September 6, 1997. *See In re* *Frank Santora Equipment Corp.*, 213 B.R. 420 (E.D.N.Y.1997).

To summarize, these related bankruptcy appeals arose from the decision of United States Bankruptcy Judge Dorothy Eisenberg in the procedurally consolidated adversary proceedings brought in the cases *In re Frank Santora Equip. Corp.*, Cas Nos. 892–83119–478, 892–83118–478 (Bankr.E.D.N.Y. Oct. 13, 1996). In her decision, Judge Eisenberg denied the motions for dismissal and summary judgment by eight of the forty-one defendants, including Sequa and the Tilden defendants. Although the eight moving defendants filed at total of four motions under four separate dockets before this Court seeking leave to appeal in separate cases, the motion papers were identical and treated together in this Court's earlier decision. The defendants moved for leave to appeal on the grounds that Judge Eisenberg erred by: (1) applying the *Deprizio* doctrine to deny their motions; (2) holding that many of the Trustee's claims are not barred by the applicable statute of limitations; (3) taking judicial notice of the number of creditors whose claims were guaranteed by insiders; (4) finding that the elements necessary to invoke the *Deprizio* doctrine were satisfied; and (5) determining that the permanent bankruptcy trustee was appointed on December 23, 1993, when there is no evidence in the record to that effect.

In the September 6, 1997 decision, this Court granted the defendants' motion for leave to appeal with respect to the issues of whether the *Deprizio* doctrine applies in the Second Circuit and whether the statute of limitations operates as a bar to any of the Trustee's claims; the Court denied the defendants' motion for leave to appeal the other issues. In addition, the Court directed that the Trustee's application for permission to continue the litigation before the bankruptcy court while the substance of these appeals is pending be resubmitted to the bankruptcy court for an initial determination.

In the ensuing five months, only Docket Number CV 96–5911 reflected any activity; in that case, the defendant-appellant Sequa filed a Statement of Issues and Designation of Record on Appeal, the Record on Appeal,

and a series of stipulations with the appellee Bankruptcy Trustee extending the briefing schedule. There was no activity on the other three dockets, CV 96–5910, CV 96–5917, and CV 96–5918. The remaining appellants, including the movants, did not file a Statement and Designation, a Record on Appeal, an appellate brief, or a request for an extension of time to file the same.

In view of this non-activity by any of the appellants except for Sequa, the Court *sua sponte* scheduled a status conference with all the parties for February 5, 1998. This Judge's Courtroom Deputy contacted the Bankruptcy Trustee's attorney, Peter Janovsky, and directed him to advise all parties of the conference. By a letter dated January 29, 1998, the face of which indicates it was faxed on the same date, Janovsky informed all parties of this Court-ordered conference. Movants' counsel, M. John Pittoni, acknowledges that he had one week advance notice of this conference via this letter, as well as by a telephone conversation with Janovsky the following day, January 30, 1998.

Despite this notice, Pittoni declined to appear at the scheduled conference because, he states, he went to the Barbados. Prior to his trip, however, Pittoni claims that the Trustee "refused" to "grant" him a requested adjournment; Janovsky has submitted to the Court a copy of the responsive letter he sent to Pittoni, in which he stated that the request should be addressed to the Court. Regardless, Pittoni did not write, call, fax, or contact the Court in any manner to advise that he would be unable to appear. He did not make any request to the Court for an adjournment of the conference. He did not ask the Court for permission to appear at the conference via telephone, which, the Court notes, is routine practice when attorneys of record are out of town during scheduled conferences. He also declined to send another member of his law firm to the conference in his place. At the February 5, 1998 conference, the Court reviewed each of the files and docket entries and dismissed all of the appeals except that of Sequa in CV 96–5911. Subsequently, the Court issued written orders of dismissal dated February 13, 1998. By the time of the dismissals, the Trustee had

reached a settlement with thirty-seven of the forty-one defendants—all the defendants, apparently, except Sequa and the movants.

More than five months later, on July 23, 1998, the Tilden defendants filed the motion at issue—which the Bankruptcy Trustee opposes—for an Order "Permitting them to be Included in the Pending Appeal" and for a stay of the proceedings before the Bankruptcy Court. The Court further notes that Sequa and the Bankruptcy Trustee have fully briefed the only appeal currently pending before the Court—CV 96–5911.

## II. DISCUSSION

Rule 8006 of the Bankruptcy Rules mandates that "within 10 days after filing the notice of appeal ... or entry of an order granting leave to appeal ... whichever is later, the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Rule 8009 of the Bankruptcy Rules provides that unless the district court excuses the filing of briefs or specifies a different time limit, appellant "shall serve and file a brief *within 15 days after entry of the appeal on the docket.*" Rule 8009 (emphasis added).

The time limit imposed by Rule 8009 is "not jurisdictional, and hence the district court is not required automatically to dismiss the appeal of a party who has failed to meet those deadlines." *In re Tampa Chain Co.,* 835 F.2d 54, 55 (2d Cir.1987). "Rather, the court should exercise discretion to determine whether dismissal is appropriate in the circumstances." *Tampa Chain,* 835 F.2d at 55 ("Whether or not ... bad faith, negligence, and indifference are the only proper bases for a district court's exercise of its discretion to dismiss a bankruptcy appeal, we see no abuse of discretion in the present case [where there was evidence of bad faith, negligence and indifference]"). Appropriate circumstances for dismissal include where the appellant has acted in bad faith, negligently, indifferently, or with dilatoriness. *French Bourekas Inc. v. Turner (Four Cases),* 199 B.R. 807, 814–15 (E.D.N.Y.1996)(dismissing appeals for failure

to file designations within the time specified by Bankruptcy Rule 8006). A district court's "decision to dismiss will be affirmed unless it has abused its discretion." *Tampa Chain*, 835 F.2d at 55; *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir.1994) (no abuse of discretion where district court dismissed appeal for appellant's failure to file timely designation); *In re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir.1992)(same); *In re Braniff Airways, Inc.*, 774 F.2d 1303, 1305 (5th Cir.1985)(no abuse of discretion where district court dismissed appeal for appellant's failure to file timely brief); *see also* Fed. Bank. R. 8001(a) ("Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court ... deems appropriate, which may include dismissal of the action").

■ The Court finds, in its exercise of discretion, that dismissal of the appeals was appropriate because the Tilden defendants were negligent, indifferent and dilatory; there also is evidence that they made a deliberate choice not pursue their appeals. The Court, therefore, adheres to its earlier dismissal of the movants' appeals, especially in view of the three factors outlined below.

■ First, the Tilden defendants made no effort to prosecute their appeals during the five month period from September 6, 1997, when the Court granted leave to appeal, to February 5, 1998, when the Court dismissed their appeals. *See Tampa Chain*, 835 F.2d at 56 (upholding dismissal where defendants filed no brief for some seven months after the due date). The Tilden defendants never filed appellate briefs, much less within the time period specified in Rule 8009. Also, in contravention of Rule 8006, they did not file a Statement of Issues, Designation of the Record on Appeal, or a Record on Appeal. Significantly, the Tilden defendants also did not request an extension of time to file their briefs or record.

Second, the Tilden defendants failed to attend the Court-ordered conference on February 5, 1998, the purpose of which was to inquire as to the status of these appeals. As noted above, Pittoni admits that he had advance notice of this conference, in writing and over the telephone. Pittoni now complains, more than five months after-the-fact, that he was on a trip to the Barbados on that date and that the Bankruptcy Trustee "refused to grant an adjournment." He ignores the conceded fact that he had one week advance notice of the conference and did nothing during that week to request an adjournment from the appropriate authority: this Court. It is a fact, of course, as the Bankruptcy Trustee aptly pointed out in his letter to Pittoni, that it was for the Court, and not the Trustee, to grant an adjournment. The Court also repeats its observation that it routinely grants requests from attorneys to appear by telephone; had Pittoni made such a request, with reasonable certainty, the Court would have granted it. In addition, Pittoni never wrote, called, faxed or otherwise contacted the Court to advise that he would be unable to appear. He never sent a letter to the Court after the conference attempting to explain his absence. He also opted not to send another member of his law firm to the conference in his place. The Court rejects Pittoni's assertion that it would have been "impossible to send someone else in my stead, because to do so would have required endless hours of conversation to bring another attorney up to speed as to the multi-year history of this entire case." Assuming the validity of this argument—which the Court does not—the solution to such a dilemma would have been to ask the Court for an adjournment or to request permission to appear by telephone, not to unilaterally and intentionally disregard the conference.

Third, the Tilden defendants did not object to the February 5, 1998 dismissal until July 23, 1998. Thus, the movants allowed another five months to elapse before making an effort to be "included" in these appeals, for a total of more than ten months of non-activity following the Court's decision of September 6, 1997, granting leave to appeal.

The Court is not persuaded by the movants' arguments to the contrary. Citing cases involving vacatur of judgments under Federal Rule of Civil Procedure 60, the Tilden defendants assert that this Court's dismissal of the appeals should be set aside. Their only "excuse"—to the extent their ar-

gument even can be described as such—for not prosecuting their appeals is as follows:

> [T]he [Tilden defendants], upon reading the Court Order of September 6, 1997, came to the conclusion that the appeal which is now pending would indirectly include [Tilden] since the issues before the Court as they relate to *Deprizio* affected all the parties. This conclusion was based on the language of the last "so-ordered" paragraph which states "Ordered that the Trustee's application for permission to continue litigation before the Bankruptcy Court, while the substance of these appeals is pending, is denied . . . ." Thus, it was the [Tilden defendants'] belief that the appeal could continue through Sequa Financial Corp. and that pending the appeal, the Trustee would be barred from continuing the litigation before the Bankruptcy Court.
>
> In addition, . . . there was a serious question as to the liability of Fleet Bank, N.A. ("Fleet"), which has taken over NatWest and Tilden with regard to the Tilden obligations. When the motion was made by the attorney for the Trustee seeking to dismiss the appeal of Natwest and Tilden [for failure to prosecute], it was felt that the appeal could continue without NatWest being a direct participant, i.e., without preparing a brief to this Court. At that time, it was believed that the final determination of this Court would, if not directly, at least indirectly, have an effect on the pending proceeding in the Bankruptcy Court as it related to NatWest and Tilden. It was not until [a] court appearance before Judge Eisenberg in or about April 9, 1998 that NatWest and Tilden were surprised by the fact that the Bankruptcy Court was unwilling to wait for the District Court to render a decision.

(Movants' Memorandum of Law, at 5–6).

In the Court's view, these arguments support the Court's decision to dismiss the appeals. Surprisingly, the Tilden defendants admit they made a conscious choice not to pursue their appeals. This conduct is not only evidence of neglect, indifference and dilatoriness, but it indicates a deliberate decision not to pursue the appeals because of the participation by Sequa. It also is difficult to comprehend the movants' suggestion that their decision was prompted by the Court's denial of the Trustee's application for permission to continue litigation before the Bankruptcy Court during pendency of the appeals. The "so-ordered" paragraph cited by the movants was immediately followed by a "so-ordered" paragraph directing that such a request be resubmitted to the bankruptcy court for an initial determination. Given this direction, the movants should not have been "surprised," as they now contend, by the bankruptcy court's decision to proceed.

In sum, the Court finds that the movants acted with negligence, indifference and dilatoriness combined with an intentional decision not to proceed, by: (1) not filing an appellate brief, Statement of Issues, Designation of the Record on Appeal, and Record on Appeal; (2) not requesting an extension of the briefing schedule; (3) declining to either attend, or request an adjournment of the February 5, 1998 conference, the purpose of which was to inquire as to their reason for failing to prosecute the appeals; (4) failing to object to the February 5, 1998 dismissal of their appeals *for more than five months; and* (5) admitting that they made a deliberate choice not to pursue their appeals.

The Court also denies the movants' application for a stay of all proceedings before the Bankruptcy Court pending a determination by this Court on the appeal in chief. The Court perceives no prejudice in requiring the Tilden defendants to proceed with the bankruptcy proceedings during the pendency of an appeal which they are no longer a part of and admittedly declined to pursue.

Having reviewed the parties' submissions, and afforded the opportunity for oral argument, it is hereby

**ORDERED**, that the motion by NatWest Bank USA, Tilden Commercial Alliance and Tilden of New Jersey for an "Order permitting them to be included in the pending appeal" and for a stay is denied.

**SO ORDERED.**